UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELISSA L. REED,

        Plaintiff,

                                                                       Case Number 07-12518-BC

v.                                                             Honorable Thomas L. Ludington

INDEPENDENT BANK CORPORATION,
and HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,
                Defendants.
_____ /

## ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT RECORD AND TO REMAND TO PLAN ADMINISTRATOR

Plaintiff Melissa Reed's ("Plaintiff") motion to supplement the administrative record and remand to the plan administrator is presently before the Court. Plaintiff's complaint alleges that Defendant Hartford Life and Accident Insurance Company ("Hartford") incorrectly denied her claim for long term disability ("LTD") benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff contends that the Court should grant her leave to supplement the record with recent medical reports because Defendants violated procedural requirements by not providing notice of the relevant evidence that could have perfected her claim in their letter denying Plaintiff's claim for LTD benefits. *See* 29 U.S.C. § 1133; 29 C.F.R. 2560.503-1(g).

Sixth Circuit authority demonstrates that a party may supplement the record for procedural defects in the plan administrator's denial of benefits. *See Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 615 (6th Cir.1992). When a plan administrator "substantially complies" with the requirements of Section 1133, however, a party is not entitled to supplement the record because the plan administrator has met the purposes of ERISA's notice requirements. *Kent v. United of*

*Omaha Life Ins. Co.*, 96 F.3d 803, 807 (6th Cir. 1996). The Court concludes that Defendants' explanation of its denial of benefits substantially complied with Section 1133 and will **DENY** Plaintiff's motion.

Although Plaintiff's motion was scheduled for hearing before this Court on April 8, 2008, the Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the briefs. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I

Plaintiff received LTD benefits through her employment as a loan coordinator at Defendant Independent Bank ("Independent"). On October 18, 2004, Plaintiff ceased working due to pain in her lower back and legs. Dkt. # 19-4 at 2. Plaintiff received short term disability benefits and applied for LTD benefits on May 26, 2005. *Id.* On June 5, 2005, Plaintiff's treating physician diagnosed her with Degenerative Disc Disease and Spinal Stenosis. *Id.*

Hartford reviewed Plaintiff's application for LTD benefits, Plaintiff's medical records from early 2003 through 2005, various physician statements, video surveillance of Plaintiff, and the conclusions from an independent medical records review. *Id.* at 2-3. On November 9, 2006, Hartford denied Plaintiff's application for LTD benefits, concluding that the record did not support the conclusion that Plaintiff's disability rendered her incapable of performing the essential duties of her occupation. Hartford's denial explained the evidence that it reviewed in making its determination, its conclusion, and Plaintiff's right of appeal, including her eventual right to file a civil action in district court.

Plaintiff appealed Hartford's denial of LTD benefits. On February 26, 2007, Hartford affirmed its earlier decision and denied her appeal. Dkt. # 19-5. Hartford's letter denying Plaintiff's appeal discusses its justification for affirming the denial of her claim. *Id.* Moreover, it appears that Plaintiff supplemented the record with the medical opinions of Jim Knight, P.A., and Dr. Donald Getz, a board certified orthopedic surgeon. *Id.* at 2. Hartford considered these opinions and articulated the reasons why it was unpersuaded that Plaintiff was entitled to LTD benefits. *Id.* Again, Hartford informed Plaintiff that she could file a civil action in district court. Neither the original letter denying Plaintiff's claim for benefits, nor the appeal letter indicated what evidence, if any, would persuade Hartford that Plaintiff met the plan's definition of disabled.

Plaintiff filed her complaint on June 12, 2007 and the instant motion on January 25, 2008. Plaintiff seeks to supplement the record with (1) her neurosurgeon's opinion letters from December 3, 2007 and January 2, 2008, (2) a November 15, 2007 M.R.I. report, (3) a January 10, 2008 physician consultation report, and (4) January 24, 2008 physical therapy notes. Plaintiff's complaint alleges breach of contract, breach of express warranty, breach of fiduciary duties, 29 U.S.C. § 1132(a)(3), and incorrect denial of benefits pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(b). Plaintiff alleges that Defendants breached their fiduciary duty by failing to discharge their duties in Plaintiff's best interests and not fulfilling their obligations under ERISA. Dkt. # 1 at ¶ 15-17. Plaintiff did not specifically allege that Defendants did not meet the ERISA's notice or process requirements.

II

Though the denial of Plaintiff's disability claim is reviewed under the arbitrary and capricious standard, "the question of whether the procedure employed by the fiduciary in denying the claim meets the requirements of Section 1133 is a legal question which the Court must review

*de novo.*" *Kent v. United of Life Ins. Co.*, 96 F.3d 803, 806 (6th Cir. 1996) (*citing Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1069 (6th Cir.1994)); *see also Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 460 (6th Cir. 2003).

III

ERISA requires a plan administrator to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant . . . " 29 U.S.C. § 1133(1). The Code of Federal Regulations develops the following specific requirements of a denial letter:

> (I) The specific reason or reasons for the adverse determination;
> (ii) Reference to the specific plan provisions on which the determination is based;
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;

29 C.F.R. 2560.503-1(g). In determining whether a plan administrator breached its fiduciary duty by not meeting the requirements of Section 1133 and 29 C.F.R. 2560.503-1(g), the Sixth Circuit evaluates (1) whether the procedural defect "would represent a useless formality" and (2) whether the fiduciary "substantially complied with ERISA's procedural requirements." *Kent*, 96 F.3d at 807. With respect to the substantial compliance factor, the Court evaluated whether the communications "were sufficient to meet the purposes of Section 1133." *Id.*; *see also Marks*, 342 F.3d at 460 (holding that "it is crucial for [a court] to determine whether the plan administrators fulfilled the essential purpose of Section 503–notifying [the plaintiff] and affording him a fair opportunity for

review"). "This rule, while respecting the necessity of fair procedure as outlined in Section 1133, appropriately recognizes that once the purposes of Section 1133 are met, justice does not require, indeed it forbids, the reversal of a claim decision based on a technical defect." *Kent*, 96 F.3d at 807.

As a starting point, Hartford's letter to Plaintiff certainly met most of the requirements contained in 29 C.F.R. 2560-503-1(g). Both letters discussed specific reasons that it was denying Plaintiff's claim, Plaintiff's right of appeal to the plan administrator, and right to file a civil action in district court. Additionally, the first letter detailed the plan provisions that Hartford relied upon in denying Plaintiff's claim. Defendants contend that they substantially complied with the Section 1133 requirements because the letters meet three of the four enumerated requirements. Though Defendants infer the holding in *Kent*, 96 F.3d at 807, calls for a quantitative evaluation of the factors, the Sixth Circuit still requires a qualitative evaluation of the plan administrator's notice. Despite that conclusion, the Court agrees with Defendants' ultimate conclusion that Hartford substantially complied with Section 1133.

Plaintiff relies on *Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 615 (6th Cir.1992), in which the Sixth Circuit found that the plan administrator violated the plaintiff's due process rights because the denial failed to provide specific reasons for denial, refer to pertinent plan provisions on which the denial is based, contain explicit information for review of the denial, or provide what additional proof might be required. *Id.* Plaintiff's reliance on *Vanderklok* is unpersuasive because the plan administrator in *Vanderklok* failed to meet any of the enumerated requirements of Section 1133. In the instant matter, Hartford's letters indicated the plan provisions it relied on, discussed the record in detail, explained the basis of its decision, and described Plaintiff's rights to appeal and to file a civil action.

Additionally, Plaintiff's argument is unpersuasive when viewed under the two factor approach of *Kent*, 96 F.3d at 807. Though Defendant contends that *Kent*, *id.*, overruled *Vanderklok*, 956 F.2d at 615, a balanced reading of *Kent* indicates that the Sixth Circuit merely delineated clear factors in *Kent*. First, Plaintiff does not articulate reasons that curing the procedural defect would not have been a useless formality. Hartford outlined its reasons for denying Plaintiff's claims in detail. Though Hartford did not specifically indicate what evidence would cure the defect, Plaintiff was on notice of the reasons that it denied her claim. From the detailed explanation, relevant evidence could be deduced. Additionally, the record indicates that Plaintiff submitted additional evidence on her behalf that Hartford considered when reviewing Plaintiff's appeal. This demonstrates that Plaintiff comprehended some deficiencies in her claim, which Plaintiff attempted to cure. Finally, Plaintiff's motion seeks to supplement the record with medical reports that post date Plaintiff's appeal by more than a year, not evidence that was in existence at the time of the appeal. Plaintiff has not offered any reason why she sought this information now, instead of at the time of her appeal.

Next, Hartford's denial letters, viewed in their totality, demonstrate that Defendants substantially complied with ERISA's notice requirements as they met the purposes Section 1133 by providing detailed information regarding the denial of benefits. It is undisputed that Hartford provided the reasons for denying the benefits, the applicable provisions of the plans, and the available appellate procedures. This is illustrated by the fact that Plaintiff appealed the matter to Hartford and filed a civil complaint before this Court. The detail included in Hartford's denial letters demonstrates that Defendants substantially complied, both quantitatively and qualitatively, with ERISA's notice requirements. Thus, the Court will deny Plaintiff's motion to supplement the

record and remand to the plan administrator.

IV

Accordingly, it is **ORDERED** that Plaintiff's motion to supplement the record and remand to plan administrator [Dkt. # 19] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 8, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 8, 2008.

s/Tracy A. Jacobs  
TRACY A. JACOBS